1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

CHRIS KOHLER,

CASE NO. 12cv3022 JM(WMc)

11

Plaintiff,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

12

vs.

13

CSK AUTO, INC. dba O'REILLY AUTO PARTS #2941,

14

Defendant.

15

16    Defendant CSK Auto, Inc. dba O'Reilly Auto Parts #2941 ("O'Reilly") moves

17  for summary judgment on all claims alleged in Plaintiff Chris Kohler's First Amended

18  Complaint ("FAC").  Plaintiff Chris Kohler opposes the motion.  Pursuant to L.R.

19  7.1(d)(1), the court finds this matter appropriate for resolution without oral argument.

20  For the reasons set forth below, the court grants summary judgment on the only federal

21  claim in favor of O'Reilly and against Plaintiff.  The court declines to exercise

22  supplemental jurisdiction over the state law claims, dismisses the state law claims

23  without prejudice, denies all other pending motions as moot, and instructs the Clerk of

24  Court to enter judgment in favor of O'Reilly and against Plaintiff on the ADA claim

25  and to close the file.

26                          **BACKGROUND**

27    On January 20, 2012, Plaintiff, an individual with a mobility disability,

28  commenced this Americans with Disabilities Act ("ADA") case, 42 U.S.C. §12101 et

1    seq., against O'Reilly.  O'Reilly is an establishment located in the Midway Shopping

2    Center located on Midway Drive in San Diego, California.  The FAC, filed on January

3    16, 2013, alleges four causes of action: (1) violation of the ADA; (2) violation of the

4    California Disabled Persons Act, Cal. Civil Code §54; (3) violation of the California

5    Unruh Civil Rights Act; and (4) denial of full and equal access to public facilities in

6    violation of Health and Safety Code §1995.  The court notes that Plaintiff asserted the

7    same or substantially similar claims against O'Reilly and others in a related action,

8    Kohler v. Midland Land, 3:12cv0148 JM(WMc) (S.D. Cal.) "Kohler I."

9        The Kohler I action, like the present action, is primarily an architectural barriers

10   case.  There, Plaintiff alleged the following issues with respect to the parking area near

11   or in front of the O'Reilly store: at least one of the disabled parking spaces lacked

12   signage; the slope of some disabled parking places exceeded 2.0%; the access aisle

13   slope exceeded 2.0%; there was no International Symbol of Accessability mounted at

14   the entrance to the facility; the entrance doors to the O'Reilly store had inaccessible

15   panel handles; the access aisle adjacent to the van accessible parking space is on the

16   wrong side and too narrow; the tow signage was incorrect; and the striping on the

17   disabled parking aisles was faded to the point of being virtually invisible.  (Kohler I

18   Compl. ¶16).  In addition to the above alleged defects, the FAC in this case also alleges

19   two other deficiencies: the landing at the base of the ramp is too small and the disabled

20   parking spaces are not located along the closest accessible route to the entrance to the

21   O'Reilly store.   (FAC ¶10).

22       O'Reilly was an original Defendant in Kohler I.  However, on December 4,

23   2012, this court concluded that Plaintiff failed to show transactional relatedness

24   between the claims against O'Reilly and the other defendants and dismissed O'Reilly

25   based on misjoinder.  In response to that order, Plaintiff commenced the present action.

26       On April 5, 2013, the court in Kohler I granted summary judgment on the federal

27   claims in favor of defendants and dismissed the state law claims without prejudice.  In

28   that order, the court considered, based upon the evidentiary record submitted by

1  Plaintiff and Midland Land, LLC, including the declaration of Midway's expert, Greg
2  Izor, and granted summary judgment finding that there were no material disputed issues
3  of law or fact.

4     O'Reilly now moves for summary judgment arguing that Plaintiff's claims are
5  barred by the doctrine of issue preclusion.  Plaintiff opposes the motion.

6                                    **DISCUSSION**

7  **Legal Standards**

8     A motion for summary judgment shall be granted where "there is no genuine
9  issue as to any material fact and . . . the moving party is entitled to judgment as a matter
10 of law."  FED. R. CIV. P. 56(c); Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th
11 Cir. 2005).  The moving party bears the initial burden of informing the court of the
12 basis for its motion and identifying those portions of the file which it believes
13 demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett,
14 477 U.S. 317, 323 (1986).  There is "no express or implied requirement in Rule 56 that
15 the moving party support its motion with affidavits or other similar materials negating
16 the opponent's claim."  Id. (emphasis in original).  The opposing party cannot rest on
17 the mere allegations or denials of a pleading, but must "go beyond the pleadings and
18 by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and
19 admissions on file' designate 'specific facts showing that there is a genuine issue for
20 trial.'"  Id. at 324 (citation omitted).  The opposing party also may not rely solely on
21 conclusory allegations unsupported by factual data.  Taylor v. List, 880 F.2d 1040,
22 1045 (9th Cir. 1989).

23    The court must examine the evidence in the light most favorable to the non-
24 moving party.  United States  v. Diebold, Inc., 369 U.S. 654, 655 (1962).  Any doubt
25 as to the existence of any issue of material fact requires denial of the motion.  Anderson
26 v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  On a motion for summary judgment,
27 when "'the moving party bears the burden of proof at trial, it must come forward with
28 evidence  which  would  entitle  it  to  a  directed  verdict  if  the  evidence  were

1  uncontroverted at trial.'" <u>Houghton v. South</u>, 965 F.2d 1532, 1536 (9th Cir. 1992)

2  (emphasis in original) (quoting <u>International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d

3  1257, 1264-65 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1059 (1992)).

4  **The Motion**

5      Issue preclusion applies when: "first, the issue sought to be precluded from

6  relitigation must be identical to that decided in a former proceeding. Second, this issue

7  must have been actually litigated in the former proceeding. Third, it must have been

8  necessarily decided in the former proceeding. Fourth, the decision in the former

9  proceeding must be final and on the merits. Finally, the party against whom preclusion

10  is sought must be the same as, or in privity with, the party to the former proceeding."

11  <u>Lucido v. Superior Court</u>, 51 Cal.3d 335, 341 (1990); <u>Trevino v. Gates</u>, 99 F.3d 911,

12  926 (9th Cir. 1996).

13      Here, there is no serious dispute that all of the architectural barriers identified

14  in the FAC but two are identical to the issues litigated in <u>Kohler I</u>, the issues were

15  necessarily and actually litigated, the determination was on the merits, and Plaintiff is

16  the same in both actions. Accordingly, O'Reilly has met its burden to show that issue

17  preclusion is appropriate on these architectural barriers. <u>Clark v. Bear Stearns & Co.</u>,

18  966 F.2d 1318, 1321 (9th Cir. 1992).

19      Plaintiff agues that O'Reilly waived the right to assert issue preclusion as a

20  defense because, as an affirmative defense, it had to be alleged in its answer. The court

21  notes that O'Reilly's second affirmative defense states that Plaintiff's complaint is

22  "barred by the application of the equitable defense of laches, waiver and estoppel."

23  (Answer at p.8:15-18). The court concludes that this affirmative offense adequately

24  informs Plaintiff that collateral estoppel, or issue preclusion, is a potential defense to

25  Plaintiff's claims.[1]

26      Plaintiff also argues that the two new architectural barriers identified in the FAC

27

28      [1] The court notes that Plaintiff has had an opportunity to discover the contours of this affirmative defense but, apparently, he has not pursued discovery related to O'Reilly's affirmative defenses.

are not subject to the doctrine of collateral estoppel because these barriers were not actually litigated.  While collateral estoppel does not apply "where there are changed conditions and new facts which did not exist at the time of the prior judgment," People v. Ocean Shore Railroad, 32 Cal.2d 406, 418 (1948), there is no evidence before the court demonstrating that the newly alleged barriers are, in fact, new barriers arising after the commencement of Kohler I.  The alleged barriers, the landing at the base of the ramp is too small or that the disabled parking spaces are not located closest to the O'Reilly store, existed at the time of Kohler I, and Plaintiff fails to present any contrary evidence.  Collateral estoppel "was never intended to operate so as to prevent a re-examination of the same question between the same parties where, in the interval between the first and second actions, the facts have materially changed or new facts have occurred which may have altered the legal rights or relations of the litigants." Evans v. Celotex Corp.,194 Cal.App.3d 741, 748 (1987).  "[N]ew evidence, however compelling, is generally insufficient to avoid application of collateral estoppel." Direct Shopping Network, LLC v. James, 206 Cal.App. 4th 1551, 1561 (2012); Border Business Park, Inc. v. City of San Diego, 142 Cal.App. 4th 1538, 1565-66 (2006) (general rule that collateral estoppel precludes the relitigation of issues that were actually litigated in a prior action, even if some factual matters or legal arguments that could have been presented were not presented); Castillo v. City of Los Angeles, 92 Cal.App. 4th 477, 479 (2001) (assertion of a new legal theory based on the same facts cannot avert application of the doctrine of collateral estoppel); Yamaha Corp. v. United States, 961 F.2d 245, 254-55 (D.C. Cir. 1992) (application of issue preclusion principles cannot be avoided by offering evidence in a second proceeding that could have been admitted in the first proceeding).  Here, Plaintiff simply fails to submit any evidence to show that the barriers alleged in the FAC did not exist at the time he

12cv3022

1  commenced <u>Kohler I</u>.[2]  Consequently, O'Reilly is also entitled to summary judgment

2  with respect to these two barriers.

3       In sum, the court grants summary judgment in favor of O'Reilly and against

4  Plaintiff.  The Clerk of Court is instructed to enter judgment accordingly and to close

5  the file.

6

7  DATED:  January 27, 2014

8  _____
   Hon. Jeffrey T. Miller
   United States District Judge

9

10  cc:       All parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27      [2] The court also notes that Plaintiff fails to submit any evidence to show that the
    common parking area of the Midway shopping center is within the control of a tenant
28  like O'Reilly, and not the owner and operator of the shopping center, Midland.
    O'Reilly would also be entitled to summary judgment on this ground.

12cv3022