**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS KOHLER,<br><br>                      Plaintiff,<br>  vs.<br><br>CSK AUTO, INC. dba O'REILLY AUTO PARTS #2941,<br><br>                      Defendant. | CASE NO. 12cv3022 JM(WMc)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

    Following remand from the Ninth Circuit, and upon conclusion of an appeal in a related case, <u>Kohler v. Midway Land, LLC</u>, 3:12CV0148 JM(WMC) (S. D. Cal.) (hereinafter "<u>Kohler I</u>"), the court grants Defendant's motion for summary judgment (Ct. Dkt. 19) on the only remaining issue in this case: the slope of the Midway Center parking lot (disabled parking space and access aisles).[1]

    The sole remaining issue on remand is whether the parking space and access aisles near the O'Reilly store were ADA compliant. <u>Kohler I</u> answered that question. Following a bench trial in <u>Kohler I</u>, the court concluded in its Statement of Decision that "the great weight of credible evidence clearly establishes that the slopes of the disabled parking space and access aisle in question do not exceed 1:48, or 2.083%, and therefore, comply with relevant ADA requirements." (Ct. Dkt. 102 at 4:9-11).

---

[1] The court incorporates and takes judicial notice of the record in this case ("<u>Kohler II</u>") and in <u>Kohler I</u>.

Here, the doctrine of issue preclusion prevents Plaintiff from relitigating the slope issue of the parking space and access aisles. Issue preclusion applies when: "first, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." Lucido v. Superior Court, 51 Cal.3d 335, 341 (1990); Trevino v. Gates, 99 F.3d 911, 926 (9th Cir. 1996).

The evidentiary record demonstrates that Plaintiff parked in a Midway Center disabled parking space near O'Reilly's store and not far from Aaron Brothers. The evidentiary record in Kohler I demonstrated that the disability parking space and access aisles were ADA compliant. (Ct. Dkt. 102 at 4:9-11). The slope issue in this case is identical to an issue actually litigated in Kohler I, the issue was decided in favor of ADA compliance, the decision in Kohler I is now final (Plaintiff abandoned the appeal in Kohler I), and Plaintiff is the same party in both actions. As all elements are satisfied, the court grants summary judgment in favor of O'Reilly and against Plaintiff.

Following a status hearing in this case, Plaintiff's counsel declares that he measured the slope of the disabled parking space and concluded that the parking space was not ADA compliant because the slope was 3.1% to 3.4%. (Mehton Decl. ¶7). The court rejects this argument because Mr. Mehton's observations contradict the findings in Kohler I that the parking space is ADA complaint (and Plaintiff's earlier factual assertions that the slopes were 2.7%, 3.2%, and 3.1%). (Ct. Dkt. 102 at 3:1).

///
///
///
///
///

In sum, the court grants summary judgment in favor of O'Reilly and against Plaintiff. The Clerk of Court is instructed to enter judgment in favor of O'Reilly and against Plaintiff Kohler.

**IT IS SO ORDERED.**

DATED: December 20, 2016

**JEFFREY T. MILLER**
United States District Judge

cc: All parties